UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMESH SUBRAMANIAN,<br><br>    Plaintiff,<br><br>v.<br><br>ARAGEN BIOSCIENCE INC. *and* ARAGEN LIFE SCIENCES PRIVATE LIMITED f/k/a CVK BIOSCIENCES,<br><br>    Defendants. | Case No. _____<br><br>DECLARATION OF<br>RAMESH SUBRAMANIAN |

I, Ramesh Subramanian, under penalty of perjury, declare as follows:

1. I have reached the age of majority, am competent to testify, and make the following statements based upon my personal knowledge of the facts and upon my review of documents made at or about the time of events described herein.

2. Beginning in February 2019, I served as the Chief Commercial Officer of Aragen US.

3. I signed a formal Employment Letter with Aragen US on January 30, 2019. A true and accurate copy of the Employment Letter is attached to this Declaration as **Exhibit A**.

4. The Employment Letter stated that, as part of my compensation, I would be eligible to receive stock in Aragen India pursuant to the 2017 Employee Stock Option Plan ("ESOP"). A true and accurate copy of the ESOP is attached to this Declaration as **Exhibit B**.

5. I worked at Aragen US for five years, during which I received 300,090 vested stock options in Aragen India.

1

6. On July 31, 2024, I resigned from Aragen US to take a position as the Global CEO of PI Health Sciences ("PIHS").

7. On November 11, 2024, I received a cease-and-desist letter from Aragen accusing me of breaching the terms of the Employment Letter. A true and accurate copy of the cease-and-desist letter is attached to this Declaration as **Exhibit C**.

8. On November 18, 2024, I responded through counsel and denied the assertions.

9. Aragen did not respond to my attorney's letter for months.

10. On March 3, 2025, I received a letter from Aragen India stating that my vested stock options were "cancelled / lapsed / forfeited" due to alleged violations of the Employment Letter. A true and accurate copy of the cancellation letter is attached to this Declaration as **Exhibit D**.

11. Pursuant to the terms of the Employment Letter, I filed a demand for arbitration with the American Arbitration Association ("AAA"). A true and accurate copy of the demand for arbitration is attached to this Declaration as **Exhibit E**.

12. I directed my counsel to discuss with counsel for Aragen the logistics for the arbitration. This included discussions over whether the arbitration should take place in the International Civil Dispute Resolution ("ICDR") division, whether the AAA's International Rules of Employment Rules should apply, and which party would bear the costs of arbitration.

13. Aragen India, Aragen US, and I consented to arbitration.

14. Aragen's counsel sent an email to the AAA confirming Aragen's consent to arbitration before the ICDR under the International Rules, and agreeing that Aragen should pay the filing and arbitration fees. A true and accurate copy of this email is attached to this Declaration as **Exhibit F**.

15. On October 13, 2025, Aragen filed a lawsuit against me in Hyderabad, India seeking to

enjoin the proceedings before the AAA. A true and accurate copy of the complaint is attached to this Declaration as **Exhibit G**.

16. On October 14, 2025, counsel for Aragen appeared for an Administrative Conference to discuss selection of an arbitrator before the ICDR.

17. On October 17, 2025, Aragen India sent an email to my personal Gmail account purporting to notify me of the pending Hyderabad lawsuit. The email stated that, if I do not appear at a hearing in India on October 31, 2025, the matter "may be heard and decided in [my] absence." A true and accurate copy of this email is attached to this Declaration as **Exhibit H**.

18. I did not see this email until October 25, 2025.

19. I am a native of New Jersey and have never visited or conducted business in India. Being forced to travel 7,500 miles to attend a court proceeding in a foreign country would cause serious harm to my career and my personal and family life.

20. Due to the incredibly short notice and surreptitious nature of Aragen's filing, I am unable to prepare a meaningful defense to the proceedings scheduled for Friday, October 31, 2025, before the Indian tribunal.

21. Should the Hyderabad hearing proceed, I will be deprived of my right to arbitration under the Employment Letter and will suffer immediate and irreparable harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 28, 2025.

_____
Ramesh Subramanian

3